No. 90,372

STATE OF KANSAS, *Appellee*, v. KEITH HANSON, *Appellant*.

(89 P.3d 544)

Opinion filed May 14, 2004.

*Roger D. Struble*, of Blackwell, Blackwell & Struble, Chtd., of Salina, argued the cause and was on the brief for appellant.

*Amy J. Hanley*, assistant county attorney, argued the cause, and *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Keith Hanson appeals his bench trial convictions of three counts of permitting a dangerous animal to be at large (K.S.A. 21-3418). The case was transferred to this court pursuant to K.S.A. 20-3018(c).

In his appeal defendant challenges: (1) the admission of certain testimony; (2) the sufficiency of the evidence supporting the convictions; and (3) the amount of restitution ordered.

The underlying facts are essentially undisputed. Defendant lives in a rural area and is the owner/custodian of three Staffordshire bull terrier mix dogs which are in the pit bull canine grouping. On November 1, 2002, defendant turned the three dogs loose and they disappeared, as they had done on previous occasions. The dogs went to the Pat Martin residence nearby. A Martin employee observed them attacking the Martin family dog, a Labrador retriever

named Max, which they had cornered under the deck. The employee approached the dogs, but became concerned for his own safety by virtue of the violence of the attack. He retreated, but returned with another employee after they had armed themselves with a shovel and a golf club, respectively. As the attacking dogs were approached the second time, they left. The employee testified he could hear the attack 15 to 20 minutes before he went to check out the noise. Max received massive injuries to his rear and abdominal area and was rushed to a veterinarian. Extensive treatment was given over a lengthy period of time, but the injuries proved to be too severe. Max had to be euthanized on January 19, 2003.

K.S.A. 21-3418 provides:

"Permitting a dangerous animal to be at large is the act or omission of the owner or custodian of an animal of dangerous or vicious propensities who, knowing of such propensities, permits or suffers such animal to go at large or keeps such animal without taking ordinary care to restrain it."

For a conviction under the statute, the State must prove: (1) the defendant was the owner or custodian of an animal of dangerous or vicious propensities; (2) the defendant knew of such propensities; (3) the defendant permitted the animal to go at large or kept such animal without taking ordinary care to restrain it; and (4) the act occurred on or about a specific day in a specific Kansas county.

For his first issue, defendant contends the district court erred in admitting testimony of the director of the local animal shelter as to the aggression toward other dogs exhibited by the defendant's dogs while they were impounded at the shelter after the attack herein. Defendant argues such evidence was not relevant. We disagree. The State had the burden of establishing the three dogs had dangerous or vicious propensities. The evidence was admissible, with the weight to be afforded thereto to be determined by the trier of fact.

Next, defendant challenges the sufficiency of the evidence supporting his convictions. When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational

factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Beach*, 275 Kan. 603, Syl. ¶ 2, 67 P.3d 121 (2003). Moreover, "[a] guilty verdict in a criminal case will not be disturbed on appeal if there is substantial evidence even though the evidence is entirely circumstantial." *State v. Scott*, 271 Kan. 103, 107, 21 P.3d 516, *cert. denied* 534 U.S. 1047 (2001). It is undisputed that defendant: (1) was the owner/custodian of the three dogs and (2) allowed the dogs to run free, knowing they had previously disappeared for days at a time. The date and place of occurrence (Saline County) are likewise undisputed.

It is further undisputed that the three dogs went to the Martin property and commenced a lengthy and savage attack on the Martin family dog. An employee attempting to save the Martin dog feared for his own safety and retreated until he had assistance and weapons. The facts herein are sufficient for a rational factfinder to conclude that the dogs had dangerous or vicious propensities.

The problem in this case lies in the sufficiency of the evidence relative to the element of defendant's prior knowledge of his dogs' dangerous or vicious propensities. The only evidence presented by the State as to this element involved an incident on the Martin property a few days before the attack on Max. On that day, Selinda Martin observed the three dogs chasing her horse in the nearby field. The chase had apparently been going on for some time as the horse was breathing very hard. As Ms. Martin approached the dogs, they stopped the chase. There was no evidence or testimony admitted that the horse suffered any injury from the incident. Ms. Martin immediately went to defendant's property where defendant acknowledged the dogs were his. Is this evidence legally sufficient to support the factfinder's determination that defendant knew his dogs had dangerous or vicious propensities prior to the attack on the dog Max? We conclude it is not. The convictions must, therefore, be reversed.

The final issue raised is a claim the amount of restitution ordered was excessive. In view of our determination of the previous issue, this issue is moot.

The judgment is reversed.